```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


JOHN HIGGINS,                  )
        Plaintiff,             )
                               )   Civ. Action No. 21-10832-PBS
        v.                     )
                               )
RIGANO'S TOWING,               )
        Defendant.             )
```

**MEMORANDUM AND ORDER**

May 24, 2021

SARIS, D.J.

For the reasons stated below, the Court dismisses this action pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

**BACKGROUND**

On May 20, 2021, John Higgins, a resident of Massachusetts, filed a pro se complaint against Rigano's Towing of Malden. Docket No. 1. Higgins complains of "Motor Vehicle Registration Theft & Fraud." Id. at ¶ III. For relief, Higgins seeks "COMPENSATION OF $150,000." Id. at ¶ II(B)(3). With the complaint, Higgins submits a copy of a January 26, 2021 order dismissing a state court case without prejudice for failure to appear at a final pre-trial conference. Higgins v. Rigano's Towing, No. 1981CV00424. Docket No. 1-2.

The Court's records indicate that Higgins brought the same claims against the same defendant three months earlier. See

Higgins v. Rigano's Towing, C.A. No. 21-10224-RGS (the "First Complaint" filed February 5, 2021).  On March 15, 2021, the assigned magistrate judge recommended dismissal for lack of jurisdiction and failure to state a claim.  Id. at Docket No. 4.  The assigned district judge, having received no objection from Higgins, agreed that the court lacks jurisdiction to hear the underlying subject matter.  Id. at Docket No. 6.  On April 1, 2021, the First Complaint was dismissed with prejudice.  Id. at Docket No. 7.

**REVIEW**

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Federal district courts may exercise jurisdiction over civil actions arising under federal law, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").

Consequently, a plaintiff who seeks to bring his suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. See Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

In conducting this review, the Court liberally construes Higgins' complaint because he is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**DISCUSSION**

Although the prior judgment dismissing Higgins' First Complaint for lack of jurisdiction was not a final judgment on the merits, the instant action similarly does not give rise to federal question or diversity jurisdiction.

Although Higgins invokes this Court's federal question jurisdiction, he has failed to state what law or statute the defendant allegedly violated.  He complains that the defendant wrongfully sold Higgins' car.  However, such a claim does not present a valid federal question.

To the extent the complaint invokes the Court's diversity jurisdiction, there is no diversity of citizenship because the plaintiff and the defendant are each alleged to reside in Massachusetts.

**ORDER**

Based on the foregoing, it is hereby Ordered that this action is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.  In view of the dismissal of this action for lack of subject matter jurisdiction, no action is taken on plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit.

SO ORDERED.

      /s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE